UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN L. GILES,

    Plaintiff,

v.

WILLIAM L. FEDERSPIEL, EBONY RASCO, and TIGGS CANTEEN FOOD SERVICE,

    Defendants.
_____/

Case No.  2:24-cv-10134
District Judge Laurie J. Michelson
Magistrate Judge Kimberly G. Altman

**ORDER GRANTING DEFENDANTS' MOTION
TO STAY DISCOVERY (ECF No. 42)
AND STAYING DISCOVERY AS TO ALL PARTIES**

I.    Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983.  Plaintiff Kevin La'Von Giles (Giles), proceeding *pro se*, has sued Sheriff William Federspiel (Federspiel), Lieutenant Ebony Rasco (Rasco), and Tiggs Canteen Food Service (Tiggs) alleging Eighth Amendment and Fourteenth Amendment violations.  *See* ECF No. 1.  Defendants have all filed appearances and are represented by counsel.  (ECF Nos. 17, 18).  Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned.  (ECF No. 13).  Under the scheduling order, discovery

closes on November 12, 2024, and dispositive motions are due by December 12, 2024. (ECF No. 25).[1]

Before the Court is Federspiel and Rasco's motion to stay discovery. (ECF No. 42). For the reasons that follow, this motion will be GRANTED.

## II. Discussion

Federal Rule of Civil Procedure 26(c) authorizes a stay of discovery based on good cause. "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254-255 (1936)). Further, "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.' " *Gettings v. Bldg. Laborers Loc. 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).

On August 15, 2024, Federspiel and Rasco filed a motion for judgment on the pleadings. (ECF No. 36). Additionally, as noted above, Tiggs has filed a motion to dismiss. (ECF No. 23). If the motions are granted, the claims against

---

[1] Tiggs filed a motion to dismiss in lieu of an answer; thus, the scheduling order did not apply to it.

defendants will be dismissed, making discovery unnecessary. Therefore, in light of the pending motions, there is no need for discovery to continue at this time.

If any claims remain after the dispositive motions, the Court will enter an amended scheduling order which will allow sufficient time for the parties to obtain discovery. Until such time, none of the parties shall engage in discovery.

### III. Conclusion

For the reasons stated above, Federspiel and Rasco's motion to stay discovery, (ECF No. 42), is GRANTED. **Discovery is stayed as to all parties** until the resolution of the pending dispositive motions, (ECF Nos. 23, 36).

SO ORDERED.

Dated: September 20, 2024  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 20, 2024.

s/Julie Owens  
Case Manager