UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN L. GILES,

    Plaintiff,

v.

WILLIAM L. FEDERSPIEL, EBONY
RASCO, and TIGGS CANTEEN
FOOD SERVICE,

    Defendants.
_____/

Case No.  2:24-cv-10134
District Judge Laurie J. Michelson
Magistrate Judge Kimberly G. Altman

## ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS (ECF No. 46)

I.    Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983.  Plaintiff Kevin La'Von Giles (Giles), proceeding *pro se*, has sued Sheriff William Federspiel (Federspiel), Lieutenant Ebony Rasco (Rasco), and Tiggs Canteen Food Service (Tiggs) alleging Eighth Amendment and Fourteenth Amendment violations.  *See* ECF No. 1.  Defendants have all filed appearances and are represented by counsel.  (ECF Nos. 17, 18).  Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned.  (ECF No. 13).  As of September 20, 2024, discovery

1

has been stayed as to all parties pending the resolution of the defendants' dispositive motions. (ECF No. 54).

Before the Court is Giles' motion for sanctions against Federspiel and Rasco. (ECF No. 46). Giles requests the Court to sanction the defendants for their failure to respond to his second subpoena requesting information on jail inspections and fines from January 2014 through July 2024. (*Id.*, PageID.328). Federspiel and Rasco have filed a response to the motion, (ECF. No. 48), and the time for a reply has passed. The motion is ready for consideration. For the reasons discussed below, the motion will be DENIED.

## II.   Background

On August 28, 2024, defendants filed an "objection" to Giles' first subpoena, which requested "all Saginaw County Jail past Jail Inspections and fines from January 2014 – July 2024." (ECF No. 40, PageID.295). In their "objection," defendants argue that the subpoena was not in the proper form and the requests were overbroad and disproportional to the needs of the case. (*Id.*, PageID.296). On August 30, 2024, the same day Federspiel and Rasco filed a motion to stay discovery, Giles sent another subpoena requesting the same information. (ECF No. 46). When defendants still did not respond, Giles filed this motion for sanctions on September 9, 2024. (*Id.*).

## III.   Legal Framework

2

The Sixth Circuit has provided four factors when reviewing a decision by a district court to impose sanctions under Fed. R. Civ. P. 37. "The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction; and the fourth factor in regard to a dismissal is whether less drastic sanctions were first imposed or considered." *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997).

## IV.   Discussion

Giles has not shown that the defendants have failed to cooperate in discovery due to willfulness, bad faith, or fault. After Giles sent the first subpoena requesting records, defendants indicated that they believed the request to be overbroad and not relevant to the needs of the case. Instead of filing a motion to compel and allowing the Court to consider his discovery requests on the merits, Giles filed this motion for sanctions. As Giles did not file a motion to compel, there is no Court order regarding production of documents that Federspiel and Rasco could have violated. As such, sanctions are not warranted.

Additionally, Giles has not been prejudiced by the defendants' failure to respond to his subpoena. Currently, discovery is stayed as to all parties pending the resolution of the defendants' dispositive motion, (ECF No. 36). If Giles'

claims survive these motions, the Court will enter an amended scheduling order allowing all parties sufficient time to obtain discovery. *See* ECF No. 54. At that time, Giles may renew his requests and file a motion to compel if it becomes necessary.

## V. Conclusion

For the reasons discussed above, Giles' motion for sanctions, (ECF No. 46), is DENIED.

SO ORDERED.

Dated: September 27, 2024  s/Kimberly G. Altman
Detroit, Michigan  KIMBERLY G. ALTMAN
  United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 27, 2024.

  s/Julie Owens
  Case Manager