UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN GILES,

    Plaintiff,

v.

Case No. 24-10134
Honorable Laurie J. Michelson

WILLIAM FEDERSPEIL, *et al.*

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION [57]

On January 17, 2024, Kevin Giles filed this *pro se* civil rights case under 42 U.S.C. § 1983 against Defendants Sheriff William Federspiel, Lieutenant Ebony Rasco, and Tiggs Canteen Food Service alleging violations of his Eighth and Fourteenth Amendment rights. (*See* ECF No. 1.) Specifically, Giles alleges that he told Rasco about his unsanitary living conditions, including mold in the showers and a lack of a toilet brush and other cleaning supplies to clean his cell, but that nothing was done. (*Id.* at PageID.17.) He also alleges that Rasco told him legal copies cost one dollar per copy even though he claims copies are only ten cents elsewhere. (*Id.*). As for Tiggs, Giles alleges that the food served in the jail is "very very cold," the portions are "child size portions," and the "lunch and dinner trays are not 2800 calories." (*Id.* at PageID.16.) Giles does not include any specific allegations in the complaint related to Federspiel.

On April 4, 2024, all pretrial matters in this case were referred to Magistrate Judge Kimberly Altman. (ECF No. 4.) On June 10, 2024, Tiggs filed a motion to

dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 23.) Shortly thereafter Federspiel and Rasco filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (ECF No. 36.) On December 19, 2024, Judge Altman issued a Report and Recommendation to grant both of the Defendants' motions. (ECF No. 57.)

Judge Altman found that, under a liberal reading of Giles' complaint, "Giles' claim related to the prison's food and lack of cleaning supplies" are properly "construed as Fourteenth Amendment deliberate indifference claims." (*Id*. at PageID.396.) As for Giles' allegations related to fees for legal copies, Judge Altman found that claim is properly construed "as a First Amendment access to courts claim." (*Id*. at PageID.396–397.)

Regarding Giles' deliberate indifference claims, Judge Altman found that "Giles [does not] meet either the objective or subjective elements for a Fourteenth Amendment claim" because he did not (1) "allege any facts which would indicate that the mold in the showers" or lack of cleaning supplies were "sufficiently serious," nor did he (2) show that "Rasco recklessly disregarded a substantial risk to his health." (*Id*. at PageID.399–401.) Likewise, Judge Altman found that Giles' Fourteenth Amendment claim against Tiggs regarding the quality of the jail's food was deficient because Giles failed to provide "any factual allegations to support his contention that less than 2,800 calories per day is inadequate" and did not show that "cold food is a sufficiently serious deprivation." (*Id*. at PageID.401–402.) Finally, Judge Altman found that Giles' First Amendment access to courts claim fails because he did not

2

allege that "Rasco actively hindered or interfered with his efforts to pursue his legal claims; she merely informed him that copies cost one dollar." (*Id.* at PageID.405.)

At the conclusion of her Report and Recommendation, Judge Altman notified the parties that they were required to file any objections within fourteen days of service, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 57, PageID.408.) Since Giles was served via mail, three days are added to the objection period under Federal Rule of Civil Procedure 6(d). And the prison mailbox rule also applies, so Giles' objections would be considered filed when he delivered them to prison authorities for mailing. In all, waiting the 17-day objection period and allowing some time for the Court to receive objections that Giles may have mailed, it has now been over 30 days since the Report was entered. No objections have been filed. Instead, on January 8, 2025, Giles filed a motion seeking a ninety-day extension so that he may "subpoena records that [he] need[s] for [his] case." (ECF No. 58.) Nothing in this motion indicates that Giles intended to file an objection to Judge Altman's recommendation.

The Court finds that the parties' failure to object is a procedural default, waiving review of the magistrate judge's findings by this Court. It is well established in the Sixth Circuit that "a party shall file objections with the district court or else waive right to appeal." *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). As the Supreme Court explained in *Thomas v. Arn*, the Sixth Circuit's waiver-of-appellate-review rule rests on the assumption that the parties' failure to object to a

3

magistrate judge's Report and Recommendation is a procedural default "waiving review even at the district court level." 474 U.S. 140, 149 (1985); *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr.16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made."). The Supreme Court further held that this rule does not violate either the Federal Magistrates Act or the Federal Constitution. *Thomas*, 474 U.S. at 155.

The Court thus finds that the parties have waived further review of the Magistrate Judge's Report and Recommendation and accepts the recommended disposition. (ECF No. 57.) Tiggs' motion to dismiss (ECF No. 23) and Federspiel and Rasco's motion for judgment on the pleadings (ECF No. 36) are GRANTED and this case is DISMISSED. It follows that Giles' motion for a 90-day extension so that he may subpoena records (ECF No. 58) is DENIED as moot.

SO ORDERED.

Dated: January 23, 2025

                                                            s/Laurie J. Michelson
                                                            LAURIE J. MICHELSON
                                                            UNITED STATES DISTRICT JUDGE